UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

   v.                                       **MEMORANDUM OPINION AND ORDER**
                                                Criminal No. 14-32 ADM

Tommy Michael Spack,

        Defendant.

_____

Katharine T. Buzicky, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Steven E. Wolter, Esq., Kelley, Wolter & Scott, P.A., Minneapolis, MN, on behalf of Defendant.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Tommy Michael Spack's ("Spack") Motion for Compassionate Release [Docket No. 43]. Spack requests a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on health concerns and family circumstances. The Government opposes the Motion, arguing that Spack is a danger to society and that a sentence reduction would be inconsistent with the sentencing factors listed in 18 U.S.C. § 3553(a). For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

In December 2013, police observed Spack's car with the engine running parked in the back of a home known for drug activity. Presentence Investigation Report ("PSR") ¶ 7. When Spack drove away from the home the officers followed him and pulled him over for a traffic violation. Id. ¶¶ 7–8. When they looked in Spack's car, the officers saw an open backpack that

contained a scale with white residue on it.  Id. ¶ 9.  A search of the car revealed a bag with .38 grams of methamphetamine and a loaded .38 Special revolver on the floor beneath the front passenger seat.  Id. ¶¶ 9–10.  Spack admitted the gun and methamphetamine were his.  Id. ¶ 11.  A criminal record check showed that Stack had been convicted of nine felonies from 2006 to 2012.  Id. ¶ 12.  The felonies included drug crimes, thefts of vehicles, burglary, and terroristic threats of violence against a former girlfriend.  Id. ¶¶ 12, 50–51, 53–54, 56, 60, 63–65.

On May 8, 2014, Spack entered a plea of guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  See Min. Entry [Docket No. 31]; Plea Agreement [Docket No. 32].  In March 2015, Spack was sentenced to a prison term of 96 months.  Min. Entry [Docket No. 40]; Sentencing J. [Docket No. 41] at 2.  The sentence was a downward departure from the applicable sentencing guidelines range of 110 to 120 months.  Statement Reasons [Docket No. 42] at 1, 4.  During his time in prison, Spack was sanctioned for destroying property, assault without serious injury, possessing a dangerous weapon, and possession of drugs or alcohol.  Compass. Release Investig. [Docket No. 47].

In June 2020, Spack was assigned to a residential reentry center ("RRC") in Minneapolis, Minnesota to complete the final phase of his sentence.  Def. Add. [Docket No. 52] at 38.  In late August 2020, Spack began violating the RRC rules almost daily.  He was caught with an unauthorized cell phone on August 21, 2020.  Id. at 39.  From August 24 to 31, 2020, he signed out of the RRC to go to work nearly every day, but did not clock in to work and was instead unaccountable for more than 10 hours per day on most days during this period.  Id.  On September 1, 2020, Spack was found with an unauthorized cell phone for a second time.  Id.  Spack states that during this time period his father was dying of cancer, and that Spack was

visiting his parents at their home in North St. Paul, Minnesota during his unauthorized absences and was using the cell phones to communicate with them. Def. Supp. Add. [Docket No. 58] at 2–3.

This period of repeated violations culminated with Spack absconding from the RRC on September 3, 2020. After a fire alarm went off at the RRC, Spack ran from the property and did not return. Def. Add. at 38. Spack states that after fleeing from the RRC he lived at his parents' home to help them with chores and doctor appointments, and that he did not commit any new crimes during this time. Def. Supp. Add. at 3.

Spack was arrested two months later and assigned to the Renville County Jail in Olivia, Minnesota to serve the remainder of his term. Def. Add. at 43. His projected release date is May 24, 2021, less than two months away. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Apr. 2, 2021). The jail administrator reports that Spack has been on good behavior since his arrival. Def. Add. at 53–54.

In January 2021, Spack filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) on grounds that he suffers from asthma, obesity, and has a history of smoking cigarettes, and that these conditions make him particularly vulnerable to severe illness or death if he were to contract COVID-19. Spack also argued that he was needed as a caretaker for his father. Spack moved for an expedited ruling due to his father's short life expectancy. Sadly, his father died the day Spack's pro se motions were filed.

In March 2021, the Court appointed counsel for Spack and received supplemental briefing from the parties. In the supplemental memorandum, Spack again argues that his obesity and smoking history heighten his risk of severe illness from COVID-19. He also argues that his

family circumstances continue to support his immediate release because he is needed to care for his mother, who also has health concerns. Spack's reentry plan, approved by the United States Probation Office, includes residing with his mother in her home. See Compass. Release Investig. at 1.

The Government opposes Spack's Motion, arguing that a sentence reduction is not warranted because Spack would pose a danger to the community if released, and because the § 3553(a) sentencing factors weigh against reducing his sentence.

### III. DISCUSSION

**A. Legal Standard**

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement addressing sentence reductions under § 3582(c)(1)(A) defines "extraordinary and compelling reasons" to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). "Extraordinary and compelling reasons" also include family circumstances in which the caregiver of the defendant's

4

minor children has died or become incapacitated, or where the defendant's spouse or registered partner is incapacitated and the defendant is the only available caregiver.  U.S.S.G. § 1B1.13 comment n.1(C).  A catch-all provision also exists for "other reasons" that may cause a defendant's case to be extraordinary or compelling.  U.S.S.G. § 1B1.13 comment n.1(D).

The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

**B. Analysis**

### 1. Exhaustion

The parties agree that Spack has satisfied the exhaustion requirement because he filed a request for release with the Renville County Jail Administrator on February 24, 2021, and the request was denied.  See Def. Add. at 46–47.  His motion is therefore ripe for review.

### 2. Spack's Health Issues

When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility."  United States v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10,

2020)); accord United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020). In deciding whether to grant a release, "the Court must determine, not whether [the inmate] is at an increased risk, but whether the nature and degree of that risk is sufficiently extraordinary and compelling to warrant release from prison." United States v. Wright, No. 17-CR-0301 (WMW), 2020 WL 7334412, at *3 (D. Minn. Dec. 14, 2020).

Spack argues he is particularly susceptible to COVID-19 because he is obese and has a history of smoking. The Centers for Disease Prevention and Control's ("CDC") guidelines state that people with a BMI over 30 are obese and at an increased risk of severe illness from COVID-19. See CDC, COVID-19, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Apr. 2, 2021). The CDC also recognizes that current and former smokers are more likely to become severely ill from COVID-19. Id. The Government agrees that Spack is a former smoker and that he has presented extraordinary and compelling circumstances based on that status. Gov't Resp. [Docket No. 55] at 15. Additionally, Spack's height of 5'11" and current weight of 225 pounds results in a BMI of 31.4 and places him over the obesity threshold.

Although Spack has shown he has two health conditions that increase his risk of severe illness from COVID-19, the Court is not persuaded that the nature and degree of the risk is sufficiently extraordinary and compelling to warrant a sentence reduction. Spack is only mildly obese and was well below the obesity range just ten months ago, when he weighed 187 pounds and had a BMI of 26.1. Gov't Add. [Docket No. 56] at 1;

https://www.cdc.gov/widgets/healthyliving/index.html#bmicalculator (last visited Apr. 2, 2021). Several cases from this district hold that obesity is not necessarily an extraordinary and compelling reason that warrants release during the COVID-19 pandemic. Wright, 2020 WL 7334412 at *4 (citing cases). Additionally, at age 38, Spack is younger than the age category of adults most vulnerable to COVID-19. Thus, Spack's risk factors of obesity and smoking are not sufficiently severe to constitute extraordinary and compelling reasons for a sentence reduction.

### 3. Family Circumstances

Spack also argues that his family circumstances constitute extraordinary and compelling reasons warranting a sentence reduction. Spack's 68-year-old mother states that she has severe asthma that makes it difficult for her to keep up with daily chores such as dishes and laundry. Def. Add. at 52. She previously had a knee replacement, and is currently experiencing problems in her other knee that will require a replacement in the future. Id. Her knee issues impact her mobility and make it difficult for her to drive to her doctor appointments. Id. at 49, 52. Spack's mother has two other adult children, but states that they are unable to help her because one is caring for a family member who had surgery in early March, and the other has a difficult work schedule. Id. at 52.

The Court recognizes that Spack's family circumstances are difficult, and his desire to help his mother is admirable. While the Court is sympathetic to the challenges faced by Spack's mother, these circumstances do not constitute extraordinary and compelling reasons for Spack's release. "Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." United States v. Ingram, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019). To the extent her family is unable to assist with household chores and transportation, Spack's

mother may need to look to other resources in the community to meet those needs until Spack is released in a few weeks.

### 4. Sentencing Factors

Even if Spack could show extraordinary and compelling reasons warranting release, his Motion must still be denied because the sentencing factors in 18 U.S.C. § 3553(a) weigh against a sentence reduction. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).

Here, the sentencing goals of promoting respect for the law and affording adequate deterrence to criminal conduct are particularly relevant, given Spack's lengthy criminal history and his deliberate disregard of this Court's sentencing judgment and the rules of the RRC. When sentencing Spack, a ten-time felon, the Court showed leniency by giving him a 96-month sentence that reflected a significant downward departure from the sentencing guidelines. Despite this, Spack spent two months of this sentence as an escapee living in his parents' home until he was found and arrested. His argument that he committed no new crimes while a fugitive is not compelling. Reducing Spack's sentence after his demonstrated disregard for the law is not consistent with the sentencing factors in § 3553(a).

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Tommy Michael Spack's Motion for Compassionate Release [Docket No. 43] is **DENIED**; and

2. Spack's Motion for Expedited Relief [Docket No. 44] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated: April 2, 2021